**EXHIBIT A**

Case 5:21-cv-00158-JPB   Document 2-1   Filed 09/02/21   Page 2 of 14   PageID #: 8



# SUMMONS

## CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

**IAN WHITE**
  PLAINTIFF

V.                                      CIVIL ACTION NO. 21-C-41 (OLEJASZ)

**ARCELORMITTAL – WEIRTON, LLC**
a West Virginia limited liability company, and
**ARCELORMITTAL USA, LLC**, an
Illinois limited liability company
  DEFENDANTS

To the above named Defendants:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **M. ERIC FRANKOVITCH, ESQ.**, plaintiff's attorney, whose address is **337 PENCO ROAD, WEIRTON, WV 26062**, an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: **July 23, 2021**

*[signature]*
Clerk of Court

## *CERTIFIED MAIL:*

**ARCELORMITTAL – WEIRTON, LLC**
a West Virginia limited liability company

c/o CT CORPORATION SYSTEM

1627 QUARRIER STREET

CHARLESTON, WV 25311-2124

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

IAN WHITE,

        Plaintiff,

vs.

CIVIL ACTION NO. 21-C-41
OLEJASZ

ARCELORMITTAL – WEIRTON, LLC,
a West Virginia limited liability company, and
ARCELORMITTAL USA, LLC, an
Illinois limited liability company

        Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Ian White, by and through the undersigned counsel, and for his Complaint against the Defendants, ArcelorMittal – Weirton, LLC and ArcelorMittal USA, LLC, states and avers as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff, Ian White, is a citizen and resident of Toronto, Jefferson County, Ohio.

2. Upon information and belief, the Defendant, ArcelorMittal – Weirton, LLC, is a West Virginia limited liability company, licensed to do business in the State of West Virginia, with its principal place of business located in Weirton, Hancock County, West Virginia.

3. Upon information and belief, the Defendant, ArcelorMittal USA, LLC, is a Delaware limited liability company, licensed to do business in the State of West Virginia, with its principal place of business located in Chicago, Illinois.

4. At all times relevant herein, the Defendant, ArcelorMittal – Weirton, LLC, was the owner and/or operator of a plant located at 100 Pennsylvania Avenue, Weirton, Hancock County, West Virginia.

5. Upon information and belief, the Defendant, ArcelorMittal USA, LLC, is the parent company of the Defendant, Defendant, ArcelorMittal – Weirton, LLC, and at all times relevant herein, conducted and transacted business in Hancock County, West Virginia.

6. Upon information and belief, at all times relevant herein, Defendant, ArcelorMittal USA, LLC, had the authority to control and actively controlled, directed, participated in, and influenced the affairs of ArcelorMittal – Weirton, LLC, and was involved in and participated in the management and operations of ArcelorMittal – Weirton, LLC and the plant located at 100 Pennsylvania Avenue, Weirton, Hancock County, West Virginia, including business, management, and safety matters.

7. Upon information and belief, at all times relevant herein, Defendants, ArcelorMittal – Weirton, LLC and ArcelorMittal USA, LLC, are parents, subsidiaries, affiliates, and/or alter egos of one another, and all are involved in the operation of the plant located at 100 Pennsylvania Avenue, Weirton, Hancock County, West Virginia, including business, management, and safety matters.

8. Pursuant to West Virginia Code §23-4-2, Plaintiff has attached hereto the affidavit of James D. McIntosh, CIH, CSP, setting forth Mr. McIntosh's knowledge and expertise, and identifying the specific unsafe working conditions that were the cause of the Plaintiff's injury as set forth herein.

**FACTS**

9. At all times relevant herein, the Plaintiff, Ian White, was an employee of the Defendant, ArcelorMittal – Weirton, LLC, at the plant located at 100 Pennsylvania Avenue, Weirton, Hancock County, West Virginia.

10. On and before July 29, 2019, the Defendants were required to comply with applicable regulations promulgated by the Occupational Safety and Health Administration federal and state safety statutes, rules, and/or regulations, and commonly accepted and well-known safety standards within the industry.

11. On and before July 29, 2019, the Defendants had a duty to furnish employment and a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm, provide workers with and ensure the use of proper protective equipment, properly train workers, provide a safe work area, and otherwise comply with applicable state, federal and industry standards.

12. On or about July 29, 2019, the Defendants caused the Plaintiff, Ian White, to perform work in the absence of appropriate safety equipment and precautions, in the absence of adequate training, and in the absence of appropriate safeguards and safe work areas, in violation of applicable state, federal and industry standards.

13. On or about July 29, 2019, the Plaintiff, Ian White, was part of a crew assigned to perform maintenance on the #3 CA due to a strip break earlier in the shift, and specifically, to remove scrap from the heating section.

14. The aforementioned work on July 29, 2019, required the Defendants' employees to utilize poles of approximately sixty (60) feet in length in order dislodge scrap from the heating section high above the area where the employees were situated.

15. Prior to the performance of the work on July 29, 2019, the Defendants took no steps to adequately protect their employees from the dangers of falling objects in the work area.

16. On or about July 29, 2019, while the aforementioned work was being performed, a co-employee of the Plaintiff dislodged a brick while using the sixty (60) foot pole to attempt to

dislodge the scrap from the heating section, and the brick struck the Plaintiff in the head causing him severe, disabling, and permanent injuries.

## COUNT I

17. Plaintiffs hereby incorporate paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. On or about July 29, 2019, the Defendant, ArcelorMittal – Weirton, LLC, by and through its agents, servants, representatives, and/or employees, exposed Ian White, to known unsafe working conditions which presented a high degree of risk and strong probability of serious injury or death by, but not limited to, failing to furnish employment and a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm, failing to utilize appropriate safety equipment and precautions, failing to provide adequate training, failing to provide appropriate safeguards and safe work areas, and otherwise failing to comply with applicable state, federal and industry standards.

19. On or about July 29, 2019, the Defendant, ArcelorMittal – Weirton, LLC, had actual knowledge of the hazards and risk of serious bodily harm or death to its employees created by the aforementioned unsafe working conditions, and had actual knowledge that Ian White was working in such unsafe working conditions.

20. The aforementioned unsafe working conditions violated state and/or federal safety statutes, rules, and regulations, and/or commonly accepted and well-known safety standards within the industry.

21. On July 29, 2019, the Defendant, ArcelorMittal – Weirton, LLC, violated West Virginia Code §23-4-2 in that:

> (A) Specific unsafe working conditions existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

4

(B) Defendant, ArcelorMittal – Weirton, LLC, prior to the injury, had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working conditions;

(C) The specific unsafe working conditions were violations of state or federal safety statutes, rules or regulations, whether cited or not, or of commonly accepted and well-known safety standards within the industry or business of Defendant, ArcelorMittal – Weirton, LLC, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, on or about July 29, 2019, the Defendant, ArcelorMittal – Weirton, LLC, nevertheless intentionally thereafter exposed Ian White to the specific unsafe working conditions; and

(E) Ian White suffered serious compensable injury, as defined in West Virginia Code §23-4-1, as a direct and proximate result of the specific unsafe working conditions.

22. As a direct and proximate result of the conduct of the Defendant, ArcelorMittal – Weirton, LLC, as set forth hereinabove, on or about July 29, 2019, Ian White, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, aggravation, inconvenience, loss of the enjoyment of life, loss of the ability to function, lost wages and earning capacity, mental anguish, and past and future medical and other expenses.

## COUNT II

23. Plaintiffs hereby incorporate paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Upon information and belief, at all times relevant herein, the Defendant ArcelorMittal USA, LLC, provided various safety, management, and financial services to

5

ArcelorMittal – Weirton, LLC for the operation of the metal coating plant located at 100 Pennsylvania Avenue, Weirton, Hancock County, West Virginia.

25. At all times relevant herein, the Defendant, ArcelorMittal USA, LLC, owed a duty of care to all who might be foreseeably harmed by the negligent performance of their duties, including, but not limited to, the Plaintiff, Ian White.

26. On or before July 29, 2019, Defendant, ArcelorMittal USA, LLC, assumed a duty in safety matters and/or to provide a safe workplace at the plant and undertook to ensure safety at the plant, and as such, Defendant, ArcelorMittal USA, LLC, had a duty to exercise reasonable care in carrying out those duties.

27. On or before July 29, 2019, Defendant, ArcelorMittal USA, LLC, exercised control over, participated in, and was intimately involved in the operations of the plant, including safety matters, and, as such, had a duty to provide Ian White with a safe workplace and to further exercise reasonable care for his protection.

28. On or before July 29, 2019, Defendant, ArcelorMittal USA, LLC, negligently, carelessly, and/or recklessly failed to perform their duties and obligations with respect to the plant by, *inter alia* failing to furnish employment and a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm to Ian White, failing to inspect and maintain walking-working surfaces regularly and as necessary to prevent death or serious physical harm to its employees, including Ian White.

29. On or before July 29, 2019, Defendant, ArcelorMittal USA, LLC, knew or reasonably should have known that the plant was operated in an unsafe and reckless manner in disregard for OSHA regulations, state and federal safety laws and regulations, industry standards, basic safety principles, and the safety of the workers at the facility.

30. Despite such knowledge, Defendant, ArcelorMittal USA, LLC, failed to take appropriate actions to remedy the unsafe work practices at the facility and negligently, carelessly, and/or recklessly sanctioned, approved, supervised, and/or ratified the reckless and unsafe working conditions at the facility, and permitted the facility to be operated in a profoundly reckless and unsafe manner and in violation of OSHA regulations, state and federal safety laws and regulations, industry standards, and/or basic safety principles and practices.

31. On or before July 29, 2019, Defendant, ArcelorMittal USA, LLC, knew that the conduct of ArcelorMittal – Weirton, LLC violated OSHA regulations, state and federal safety laws and regulations, industry standards, and basic safety principles and practices and further constituted a breach of duty but, nonetheless, gave substantial assistance or encouragement ArcelorMittal – Weirton, LLC to so conduct itself.

32. As a direct and proximate result of the conduct of the Defendant, ArcelorMittal USA, LLC, as set forth hereinabove, on or about July 29, 2019, Ian White, sustained severe and disabling personal injuries, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, aggravation, inconvenience, loss of the enjoyment of life, loss of the ability to function, lost wages and earning capacity, mental anguish, and past and future medical and other expenses.

## COUNT III

33. Plaintiffs hereby incorporate paragraphs 1 through 29 of this Complaint as if fully set forth herein.

34. On or about July 29, 2019, the Defendant, ArcelorMittal USA, LLC, by and through its agents, servants, representatives, and/or employees, exposed Ian White to known unsafe working conditions which presented a high degree of risk and strong probability of

serious injury or death by, but not limited to, failing to furnish employment and a place of employment which was free from recognized hazards that were likely to cause death or serious physical harm, failing to utilize appropriate safety equipment and precautions, failing to provide adequate training, failing to provide appropriate safeguards and safe work areas, and otherwise failing to comply with applicable state, federal and industry standards.

35. On or about July 29, 2019, the Defendant, ArcelorMittal USA, LLC, had actual knowledge and an appreciation of the hazards and risk of serious bodily harm or death to employees of ArcelorMittal – Weirton, LLC created by the aforementioned unsafe working conditions, and had actual knowledge that Ian White was working in such unsafe working conditions.

36. The aforementioned unsafe working conditions violated state and/or federal safety statutes, rules, and regulations, and/or commonly accepted and well-known safety standards within the industry.

37. On July 29, 2019, the Defendant, ArcelorMittal USA, LLC, violated West Virginia Code §23-4-2 in that:

(A) Specific unsafe working conditions existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) Defendant, ArcelorMittal USA, LLC, prior to the injury, had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working conditions;

(C) The specific unsafe working conditions were violations of state or federal safety statutes, rules or regulations, whether cited or not, or of commonly accepted and well-known safety standards within the industry or business of Defendants, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule,

regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, on or about July 29, 2019, the Defendant, ArcelorMittal USA, LLC, nevertheless intentionally thereafter exposed Ian White to the specific unsafe working conditions; and

(E) Ian White suffered serious compensable injury, as defined in West Virginia Code §23-4-1, as a direct and proximate result of the specific unsafe working conditions.

38.    As a direct and proximate result of the conduct of the Defendant, ArcelorMittal USA, LLC, as set forth hereinabove, on or about July 29, 2019, Ian White, sustained severe and disabling personal injuries, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, aggravation, inconvenience, loss of the enjoyment of life, loss of the ability to function, lost wages and earning capacity, mental anguish, and past and future medical and other expenses.

**PRAYER**

WHEREFORE, the Plaintiff, Ian White, respectfully demands judgment against the Defendants, ArcelorMittal – Weirton, LLC and ArcelorMittal USA, LLC, for all damages allowed under applicable law in an amount to be determined and in excess of this Court's jurisdictional amount, together with pre-judgment and post-judgment interests and costs, and such other relief, both general and special, as to the nature of matter this Court deem just and proper.

IAN WHITE, Plaintiff

By _____
      Counsel

M. Eric Frankovitch, Esq. (4747)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, West Virginia 26062
Phone: 304-723-4400
Fax: 304-723-5892
eric@faslaw.com

10

STATE OF WEST VIRGINIA,

COUNTY OF __Kanawha__, to-wit

I, James D. McIntosh, CIH, CSP, hereby affirm and say as follows:

1. I have a B.S. in Engineering Technology from Fairmont State University and an M.S.E. in Industrial Engineering/ Occupational Safety & Health, West Virginia University

2. I am a Certified Industrial Hygienist by the American Board of Industrial Hygiene, certification number 5377.

3. I am a Certified Safety Professional by the Board of Certified Safety Professionals, certification number 13258.

4. I am currently Chair and Professor of the Department of Applied Sciences at Marshall University's College of Engineering and Computer Sciences where amongst other activities I develop and teach graduate and undergraduate courses in the following areas: Accident Investigation, Construction Safety, General Industry safety, Industrial Hygiene & Laboratory, Ergonomics, Process Safety Management, ASP/ CSP Workshop, Ventilation, Intro to Safety, Safety Training Techniques, Research and Literature in Safety, Biological / Physical hazards in Industrial Hygiene, OSHA 10 & 30 Hour Construction Safety Courses and Mine Safety Training Technologies .

5. I have previously been recognized by the Circuit Courts of the State of West Virginia as an expert in workplace safety and industrial hygiene, and I have knowledge and expertise in the fields of workplace safety statutes, rules, regulations, and consensus industry safety standards.

6. I have reviewed the facts pertaining to the injury sustained by Mr. Ian White at the ArcelorMittal facility located in Weirton, West Virginia on July 29, 2019.

7. In my review, I identified the following a specific unsafe working conditions in that Mr. White was exposed to the danger of falling objects in his work environment with no safeguards above the worksite such as toe boards or canopies, and no proper hazard assessment or equipment selection was performed for the work Mr. White was performing at the time of his injury.

8. The specific unsafe working conditions violated the following safety statutes, rules, and/or consensus industry safety standards: OSHA 1910.29(k)(1) through OHSA 1910.29(k)(3); OSHA 1910.132(d)

9. The specific unsafe working conditions present at the site were a contributing cause of the injury sustained by Ian White.

10. The opinions expressed herein are stated to a reasonable degree of certainty within my fields of expertise.

11. The opinions expressed herein are based wholly on materials available to me at the time I performed my review of this matter.

12. I reserve the right to review any document that may later be generated and/or supplied to me, and to supplement or amend the opinions herein as may be appropriate in my professional opinion.

Further this affiant sayeth naught.

_____
James D. McIntosh, CIH, CSP

Taken, subscribed, and sworn to before me this 22 day of July, 2021.

_____
NOTARY PUBLIC

My commission expires: Jan 26 2025

OFFICIAL SEAL
Notary Public, State of West Virginia
PATRICIA A YOUSE
1912 Woodside Circle
Charleston WV 25314
My Commission Expires January 26, 2025

2